IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|                              |   |                         |
|------------------------------|---|-------------------------|
| DENNIS C. CITRANO, *et al.*, | * |                         |
| Plaintiffs,                  | * |                         |
| v.                           | * | CIVIL NO.: WDQ-13-2158  |
|                              | * |                         |
| JOHN CRANE-HOUDAILLE, INC.,  |   |                         |
| *et al.*,                    | * |                         |
| Defendants.                  | * |                         |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

MEMORANDUM OPINION

Dennis C. Citrano, now deceased,[1] sued CBS Corporation

("CBS") and others[2] in an asbestos product liability action.  ECF

---

[1] A lawsuit brought by Annette C. Snyder and Mark A. Plasecki, as
personal representatives of the Estate of Dennis C. Citrano, and
Citrano's surviving children, Snyder, Dennis C. Citrano, II, and
Elena Babcock, was consolidated with Citrano's suit. *See* ECF
No. 78 at 5.

[2] The plaintiffs also sued John Crane-Houdaille, Inc.; E.L.
Stebbing & Co., Inc.; Hampshire Industries, Inc.; Universal
Refractories Company; Jim M. Blundon, Esquire; Premier
Refractories Co.; The Goodyear Tire & Rubber Company; MCIC,
Inc.; General Electric Company ("GE"); Metropolitan Life
Insurance Company; A.W. Chesterton Company; Certainteed
Corporation; Kaiser Gypsum Company, Inc.; Union Carbide
Corporation; International Paper Company; Bayer Cropscience,
Inc.; H.B. Fuller Co.; Cooper Industries, Inc.; Pfizer
Corporation; Schneider Electric USA, Inc.; The Wallace & Gale
Asbestos Settlement Trust; Conwed Corporation; Foster Wheeler
Corporation; Selby, Battersby & Co.; Green, Tweed & Co.; Ferro
Engineering Division of On Marine Services Company; Foseco,
Inc.; Wayne Manufacturing Corporation; Lofton Corporation;
General Refractories Company; Koppers Company, Inc.; SB Decking
Inc.; Georgia Pacific Corporation; Crown, Cork & Seal Co., Inc.;
Georgia-Pacific, LLC; and Hopeman Brothers, Inc., (collectively,
the "non-removing defendants").

No. 2.   GE removed to this Court.   ECF No. 1.   Pending are the plaintiffs' motions to remand, ECF No. 136, and for leave to file a surreply, ECF No. 151.[3]   No hearing is necessary.   Local Rule 105.6 (D. Md. 2014).   For the following reasons, the motion to remand will be granted; the motion for leave to file a surreply will be denied.

I.   Background

The facts of this case are stated in the Court's February 27, 2014 Memorandum Opinion.   *See* ECF No. 107; *Citrano v. John Crane-Houdaille, Inc.*, 1 F. Supp. 3d 459 (D. Md. 2014). Briefly, this suit arises from Citrano's fatal mesothelioma, allegedly caused by his exposure to asbestos from 1960 to the late 1970s while working as an electrician.   *See* ECF No. 2-1 at 2, 5.

On March 17, 2011 and September 11, 2012,[4] the plaintiffs sued GE and the non-removing defendants in the Circuit Court for

---

[3] Also pending are several motions for summary judgment; some are unopposed, others are now being briefed by the parties. *See* Docket. Because the Court lacks subject matter jurisdiction and will remand the case, it will not comment on the merits of the pending dispositive motions.

[4] On July 15, 2013, these suits were consolidated. ECF Nos. 1-4 at 2, 78 at 5.

Baltimore City for injuries[5] resulting from Citrano's exposure to asbestos. *Id.*[6]

On June 26, 2013, the plaintiffs filed answers to the defendants' joint interrogatories. ECF No. 3. In one response, the plaintiffs stated that Citrano had worked from 1968 to 1971 in Baltimore, Maryland as an electrician second class at the Bethlehem Steel Sparrows Point Shipyard in the *U.S.S. Santa Barbara* engine rooms. *Id.* at 40-41. On July 25, 2013, GE removed to this Court under the federal officer removal statute, 28 U.S.C. § 1442(a)(1).[7] *See* ECF No. 1 at 1-2. On August 23, 2013, the plaintiffs moved to remand the case or to sever the claims against GE and remand the claims against the non-removing defendants to state court. ECF No. 78. On February 27, 2014, this Court denied the plaintiffs' motion to remand on the basis

---

[5] On December 1, 2010, Citrano was diagnosed with lung cancer. ECF No. 2 at 11. On March 19, 2012, Citrano died. ECF No. 1 at 2. An autopsy concluded that he died from malignant mesothelioma, not lung cancer. *Id.*

[6] They asserted the following state law claims: (1) strict liability; (2) breach of warranty; (3) negligence; (4) fraud; (5) conspiracy; (6) market share liability; and (7) wrongful death. ECF No. 2 at 9.

[7] The other defendants did not join in removing the case. *See* ECF No. 1. However, when removal is asserted under 28 U.S.C. § 1442(a), the other defendants need not join in or consent for removal to be proper. *Joyner v. A.C. & R. Insulation Co.*, CIV. CCB-12-2294, 2013 WL 877125, at *2 n.4 (D. Md. Mar. 7, 2013) (*citing Plourde v. Ferguson,* 519 F. Supp. 14, 16 (D. Md. 1980)).

that GE had established a colorable federal defense.  ECF No. 107 at 21.[8]  However, the Court noted that the plaintiffs may renew their motion to remand if GE obtains dismissal of the claims against it.  *Id.* at 23 n.15.

On November 12, 2014, the Court granted the plaintiffs' and GE's consent motion for voluntary dismissal of all claims against GE.  ECF No. 135.  On November 14, 2014, the plaintiffs moved to remand the suit to the Circuit Court for Baltimore City.  ECF No. 136.  On December 4, 2014, CBS opposed the motion.  ECF No. 137.  On December 22, 2014, the plaintiffs replied.  ECF No. 138.

On March 24, 2015, the plaintiffs moved for leave to file a surreply.  ECF No. 151.[9]

II.  Analysis

    A.  Remand

        1.  Removal Jurisdiction

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States

---

[8] The Court also declined to sever and remand claims against the non-removing defendants.  ECF No. 107 at 23.

[9] The plaintiffs captioned the motion as a motion for leave to file a supplement to their reply, or alternatively, as a surreply to CBS's opposition to the motion to remand.  ECF No. 151 at 1.  On March 10, 2015, the plaintiffs initially filed the surreply as a supplemental memorandum; on March 11, 2015, the plaintiffs were informed that leave of the Court was required to file the surreply.  ECF Nos. 149, 150.  Accordingly, the motion will be construed as one for leave to file a surreply.

have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing where such action is pending." The removing party has the burden of proving subject matter jurisdiction. *Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005). Because removal raises "significant federalism concerns," the removal statutes must be strictly construed, and all doubts must be resolved in favor of remanding the case to state court. *Id.* Relying on Citrano's alleged exposure to asbestos while working aboard the *U.S.S. Santa Barbara*, GE asserted federal officer jurisdiction under 28 U.S.C. § 1442.[10]   ECF No. 1 at 2.

    2.   The Plaintiffs' Motion

The plaintiffs contend that federal jurisdiction is lacking because GE has been dismissed from the case.  ECF No. 136-1 at 2, 5.  CBS contends that any cross-claim it has--or the other defendants have--against GE gives rise to federal jurisdiction, and even if the Court lacks independent federal jurisdiction, it

---

[10] Under 28 U.S.C. § 1442(a)(1), federal officers and their agents have an "independent jurisdictional right" to remove a state civil action or criminal prosecution "for or relating to any act under color of such office" to federal court, "wholly apart" from § 1441.  *Camero v. Kostos*, 253 F. Supp. 331, 335 (D.N.J. 1966) (internal quotation marks omitted); *see also Mesa v. California*, 489 U.S. 121, 136, 109 S. Ct. 959, 968, 103 L. Ed. 2d 99 (1989) ("Section 1442(a) . . . is a pure jurisdictional statute, seeking to do nothing more than grant district court jurisdiction over cases in which a federal officer is a defendant.").

has supplemental jurisdiction over the plaintiffs' claims against it and all other defendants.   ECF No. 137 at 1-2.[11]

This Court previously addressed--and rejected--the argument that cross-claims give rise to federal jurisdiction.   *See Sherin v. John Crane-Houdaille, Inc.*, No. CIV. WDQ-11-3698, 2015 WL 1401853, at *2 (D. Md. Mar. 24, 2015).   The Court reasoned that because "cross-claim defendants may not remove a suit to federal court,"[12] and the removal statute must be strictly construed,[13]

---

[11] CBS further contends that "remand while discovery is still pending would be premature."   ECF No. 137 at 2.   In support, CBS notes the February 9, 2015 discovery deadline, arguing that "dismissal of GE . . . does not foreclose the existence of federal jurisdiction."   *Id.* at 1.   When more than thirty days have passed since new bases for removal became apparent, "district courts have discretion to permit amendments that correct allegations already present in the notice of removal." *Wood v. Crane Co.*, 764 F.3d 316, 323 (4th Cir. 2014) *cert. denied*, 135 S. Ct. 1426, 191 L. Ed. 2d 365 (2015).   However, "[c]ourts have no discretion to permit amendments furnishing new allegations of a jurisdictional basis."   *Id.*   The Court need not decide whether a proposed amendment to the notice of removal by CBS based on facts revealed during discovery would fall within the former or latter prong of the *Wood* test; almost six months have now passed since the close of fact discovery, and CBS has not asserted any new grounds for federal jurisdiction.   "The privilege of removal may be lost if it is not asserted in time and in conformity with the provisions of the statute."   *Id.* (*quoting* Richard H. Fallon, Jr. et al., Hart and Wechsler's The Federal Courts and the Federal System 1433 (6th ed. 2009)) (alteration omitted); *see also* 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3733 (4th ed. 2009) ("In most circumstances, . . . defendants may not add completely new grounds for removal or furnish missing allegations. . . .").

[12] *Sherin*, 2015 WL 1401853 at *2 (*citing Palisades Collections LLC v. Shorts*, 552 F.3d 327, 333-34 (4th Cir. 2008)).

the Court lacks subject matter jurisdiction solely on the basis of a cross-claim against a defendant. *Id*. The same reasoning applies here. Accordingly, supplemental jurisdiction under 28 U.S.C. § 1367 presents the only possible basis for this Court to exercise subject matter jurisdiction.

Federal courts exercising federal officer jurisdiction may exercise supplemental jurisdiction over non-federal elements of the controversy. *See* 28 U.S.C. § 1367(a) ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ."). Accordingly, the Court's federal jurisdiction over claims arising from Citrano's asbestos exposure aboard the *U.S.S. Santa Barbara* provided the Court with supplemental jurisdiction over claims--such as those against CBS--that are purely matters of state law.

However, under 28 U.S.C. § 1367(c), the Court may decline to exercise its supplemental jurisdiction over those claims if (1) they "raise[] a novel or complex issue of State law," (2) they "substantially predominate[]" over the federal claims, (3) the Court "has dismissed all claims over which it ha[d] original jurisdiction," or (4) there are "other compelling reasons for declining jurisdiction." When one of the statutory grounds for

---

[13] *See id.* (*citing Md. Stadium Auth.*, 407 F.3d at 260).

remand applies, the Court should also consider whether "'principles of economy, convenience, fairness, and comity'" support remand. *See Hinson v. Norwest Fin. S. Carolina, Inc.*, 239 F.3d 611, 617 (4th Cir. 2001) (*quoting Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)); *see also Joyner*, 2013 WL 877125, at *10.

CBS contends that this Court should exercise supplemental jurisdiction because none of the § 1367(c) exceptions applies, and remand would be unfair and inconvenient because the parties have engaged in discovery, and the plaintiffs have filed expert reports under the Federal Rules of Civil Procedure. ECF No. 137 at 2-5. The plaintiffs contend that discovery will be "just as useful . . . in the state courts." ECF No. 138 at 5. The plaintiffs further contend that they have "demonstrat[ed] their strong interest in having this [case] heard in state court" by filing two motions to remand. *Id.* at 3.

Contrary to CBS's contention, all claims over which the Court had independent federal jurisdiction have been dismissed. *See* ECF No. 135. "[T]rial courts enjoy wide latitude in determining whether . . . to retain jurisdiction over state claims when all federal claims have been extinguished,"[14] and

---

[14] *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995).

have "a powerful reason to choose not to continue to exercise jurisdiction."[15]

Here, although discovery has closed, this Court has not ruled upon dispositive motions, and the plaintiffs moved to remand the suit soon after GE had been dismissed. *See Asheville Downtown Holdings, Ltd. v. TD Bank, N.A.*, No. 1:13-CV-00135-MR-DLH, 2014 WL 712597, at *3 (W.D.N.C. Feb. 25, 2014)(remanding case because it was "in the early stages of litigation"); *cf. Sherin*, 2015 WL 1401853, at *3 (exercising supplemental jurisdiction when Court had ruled upon dispositive motions and plaintiffs waited three years to object to the Court's jurisdiction); *Coppage v. Mann*, 906 F. Supp. 1025, 1046-47 (E.D. Va. 1995)(exercising supplemental jurisdiction when parties have completed discovery and are prepared for trial). Further, the plaintiffs' remaining state law claims can be readily addressed by the Circuit Court for Baltimore City. *See Walsh v. Mitchell*, 427 F. App'x 282, 283 (4th Cir. 2011) (affirming remand because "[i]n the interest of avoiding '[n]eedless decisions of state law,' the Supreme Court has stated that, when 'federal claims are dismissed before trial . . . state claims should be dismissed as well.'")(*quoting United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L.Ed.2d 218

---

[15] *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. at 351.

(1966))(first alteration added).[16]  Accordingly, considerations of economy, fairness, and comity favor remand; the plaintiffs' motion to remand will be granted.

B.   Surreply

1.   Legal Standard

Unless otherwise ordered by the Court, a party generally may not file a surreply.  Local Rule 105.2(a) (D. Md. 2014). Leave to file a surreply may be granted when the movant otherwise would be unable to contest matters presented for the first time in the opposing party's reply.  *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004).

2.   The Plaintiffs' Motion

The plaintiffs seek leave to file a surreply to "highlight to the Court the effect of the passage of procedural deadlines" since CBS filed its opposition.  ECF No. 151 at 1.[17]  The plaintiffs contend that CBS raised the February 9, 2015 discovery deadline in its opposition, and they "have not had an opportunity to . . . address the essentially uneventful passage

---

[16] *See also* Charles A. Wright, Arthur R. Miller, et al., 14C Fed. Prac. & Proc. Juris. § 3739 (4th ed. 2013) ("If the juris-dictionally sufficient federal claims are dismissed before trial commences . . . the district court ordinarily should remand the supplemental claims to the state court.").

[17] CBS is not opposed to the filing of the surreply.  *See* ECF No. 151 at 3.

of [CBS's] discovery deadline." *Id*. at 2.  To the contrary, through submitting their reply before the discovery deadline, the plaintiffs had an opportunity to address the impending consequences of CBS's failure to disclose facts supporting this Court's exercise of jurisdiction in the reply--even if the consequences were then hypothetical.  This Court does not need to be reminded of its deadlines.  The plaintiffs' motion will be denied.

III. Conclusion

For the reasons stated above, the plaintiffs' motion to remand will be granted; the motion for leave to file a surreply will be denied.

_____7/27/15_____
Date

_____
William D. Quarles, Jr.
United States District Judge

11